Leovigildo VELAZQUEZ, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–73533.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 4, 2006 *.

Filed Dec. 12, 2006.

Bruce C. Wong, Esq., Duxford Law Group, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Marleigh Dover, Esq., DOJ—U.S. Department of Justice Civil Division/Appellate Staff, Washington, DC, for Respondent.

Before: GOODWIN, RYMER, and FISHER, Circuit Judges.

MEMORANDUM **

Leovigildo Velazquez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' summary affirmance of the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

Substantial evidence supports the IJ's determination that, although Velazquez experienced past persecution in

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1982, he failed to demonstrate a well-founded fear of future persecution, based on changed country conditions and the finding that the Mexican government is no longer dominated by one party and Velazquez's political party controls legislative and governatorial positions in Mexico. *See Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 1000 (9th Cir.2003). Accordingly, Velazquez is not eligible for asylum.

Because Velazquez failed to demonstrate eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See id.* at 1001 n. 5.

█ Substantial evidence also supports the denial of CAT relief because Velazquez did not demonstrate that it is more likely than not that he will be tortured if returned to Mexico. *See Hasan v. Ashcroft*, 380 F.3d 1114, 1122–23 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**